UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JACQUELINE J. MORRIS-HAYES,

                           Plaintiff,

            - against -

MARY LUCIANA, MICHAEL MONROE,
JOHN BEHLER, CHRISTINE DAVID-COLLINS,
MICHAEL MALLON and JOHN M. CANZONERI,
sued in their individual capacities,

                          Defendants.
------------------------------------------------------------x

03 Cv. 0526 (CLB)

*Memorandum and Order*

Brieant, J.

       Before this Court for decision is Plaintiff's motion to stay (Doc. 35) filed on September 21, 2005. Opposition papers were filed on November 1, 2005. Also before this Court for decision is Defendants' motion for summary judgment (Doc. 57), filed on January 10, 2006.

       The following facts appear of record as uncontested, or as viewed most favorably to the non-moving party. Plaintiff Ms. Jacqueline Morris-Hayes commenced this action in this Court on January 23, 2003 against the Chester Union Free School District ("the District") (which was terminated as a party on March 23, 2004) and against several individual Defendants. These individual Defendants were Mary Luciana, Michael Monroe, John Behler, Christine David-Collins, Michael Mallon, members of the District's Board of Education who voted to terminate Plaintiff's employment, and John M. Canzoneri, the District's interim Superintendent of Schools, who recommended Plaintiff's termination.

1

The original complaint included two claims. In the first claim, Plaintiff charged all of the Defendants with violations of the USERRA, 38 U.S.C. § 4301 et. seq., and New York Military Law § 342(4) in terminating her employment on account of her military service. In the second claim, Plaintiff charged all of the Defendants with deprivation of her First Amendment rights, under 42 U.S.C. § 1983, by terminating her probationary, non-tenured employment as an Elementary School Principal, in retaliation for her speech resisting improper attempted favoritism in class placement.

On March 16, 2004, this Court issued a Memorandum and Order rejecting the Defendants' defense of qualified immunity as to claim brought under 42 U.S.C. § 1983 for violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), and granting Eleventh Amendment immunity as to claims brought against defendant Board of Education under the provisions of the USERRA and the New York Military Law, this Court having classified the Board as a New York State entity. This decision was appealed.

On September 12, 2005, our Court of Appeals held that (1) although it had jurisdiction to hear the appeal that was filed by the superintendent and members of the board, the USERRA was not a statute which allowed redress against individuals under 42 U.S.C.S. § 1983, and their appeal from this Court's judgment that they did not have immunity was moot; and (2) the Court of Appeals did not have jurisdiction to hear the Plaintiff's appeal of this Court's judgment granting immunity to the board of education because the appeal sought review of an interlocutory order absent a certification under 28 U.S.C. § 1982(b). Our Court of Appeals

dismissed the appeal filed by the Superintendent and members of the board based on qualified immunity because it was moot, dismissed the cross-appeal filed by Ms. Morris-Hayes for want of jurisdiction and remanded the case to this Court for further proceedings.

In August 2001, Ms. Morris-Hayes began working as an Elementary School Principal in the District. She was hired by the District's Board of Education on recommendation of the Superintendent. The Board was aware that Ms. Morris-Hayes held a commission as a Major in the United States Army Reserve and was therefore subject the calls to military training and active duty.

Between October 2001 and October 2002, on six separate occasions, Ms. Morris-Hayes submitted leave requests to the Board for brief periods of military service. The military orders giving rise to these requests for leave were for periods of one to three days of service at a time. Ms. Morris-Hayes was unable to perform her duties as Principal during these periods, and she contends that some of the Defendants did not like these absences.

Relevant to these motions, in July of 2002, Defendant Behler, a Board member, asked Ms. Morris-Hayes to place his child in a "looping class" so that the child, a fourth-grade student, would remain with the same teacher for the fifth grade. Ms. Morris-Hayes denied the request as inconsistent with the established policy for such placements. The School District Superintendent, Defendant Canzoneri, then told the Plaintiff that Defendant Behler's child should be placed in the class. Ms. Morris-Hayes alleges that when she responded, mentioning the obvious appearance of

3

favoritism in such a request, Defendant Canzoneri told her that there were rumors that she was taking too much time with her military reserve obligations.

On December 5, 2002, Defendant Canzoneri notified Ms. Morris-Hayes that he would recommend to the Board that her probationary employment be terminated. On December 16, 2002, in response to a request for a statement of the reasons for the termination, Defendant Canzoneri sent a letter to Ms. Morris-Hayes setting forth his reasons.  As pleaded in the complaint: Mr. Canzoneri claimed that Plaintiff was inaccessible to staff and parents; that she failed to organize student activities for Board of Education Recognition Night; that she failed to honor his request to meet with clerical staff in her office; failed to timely complete class lists at the beginning of the school year; and had failed to note that "certain aspects of the curriculum" were not referenced on lesson plans and that certain requirements imposed by the mentor teachers were unrealistic.

Ms. Morris-Hayes provided a written response to the Canzoneri letter, with copies to the Board. In the letter, she disputed the reasons given by Canzoneri and expressed the opinion that his recommendation was issued in retaliation for her military service requirements and her failure to accommodate the request of Board member Behler for a privileged class placement for his son. On January 13, 2003, the Board terminated the employment of Ms. Morris-Hayes, effective February 18, 2003.

*Ms. Morris-Hayes' Motion to Stay:*

Plaintiff asks this Court to stay the trial in this case awaiting Our Court of Appeals' decision in *Woods v. Cafiero*, *appeal docketed*, No. 05-1080, argued and fully submitted for decision on January 5, 2006 which will address the issue of immunity for New York school districts under the Eleventh Amendment.

This Court declines to issue a formal stay at this time. The Court is unaware of how long a period of time will elapse between now and a decision in *Woods*. Presumably if immunity is denied, the defendant in *Woods* will seek *certiorari,* which the recently revitalized Supreme Court might well grant. However, in the interests of Justice, this Court will refrain for a reasonable time from calling this case for trial, and will confer with counsel before doing so.

*Defendants' Motion for Summary Judgment:*

Fed. R. Civ. P. 56(c) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." If "reasonable minds could differ as to the import of the evidence," summary judgment is inappropriate. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). In evaluating the record to determine whether there is a genuine issue as to any material fact, "the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson* at 255. If, as to the issue "on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference

5

could be drawn in favor of the nonmoving party, summary judgment is improper." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d. Cir. 1994).

In order for Ms. Morris-Hayes to establish that her dismissal as a public employee was retaliation in violation of her First Amendment rights, she must meet certain requirements. As stated by our Court of Appeals in *Gronowski v. Spencer*, 424 F.3d 285, 292 (2d. Cir. 2005):

> Plaintiff must show: (1) her speech was constitutionally protected, as a result of which (2) she suffered an adverse employment decision, and (3) a causal connection existed between the speech and the adverse employment decision, so that it can be said that her speech was the motivating factor in the determination. *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999); *see also Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-87, 50 L. Ed. 2d 471, 97 S. Ct. 568 (1977). That is to say, to prevail on a First Amendment retaliation claim, a public employee must demonstrate that her speech addressed a matter of public concern, and that such protected speech substantially motivated the adverse action. *Feingold v. City of New York*, 366 F.3d 138, 160 (2d Cir. 2004). A court must examine the whole record to resolve, as a question of law from the context of a given statement, whether it addresses a matter of public concern.

Here, Ms. Morris-Hayes meets the "protected speech" threshold requirement because she spoke out about a matter of public concern. The Supreme Court has defined a "matter of public concern" as "relating to any matter of political, social, or other concern to the community ...." *Connick v. Myers*, 461 U.S. 138, 146 (1983). That one student, son of a public official directly concerned with the administration of school district affairs, might unfairly receive a special privileged class placement or benefit, to the detriment of others, since presumably those who could get the benefit are limited, is of the utmost political and social concern to a community. Ms. Morris-Hayes expression of concern on this issue is therefore protected.

With respect to the causal connection between this protected speech and Ms. Morris-Hayes termination, she has offered sufficient evidence to state a claim for retaliation. Though Defendants cite reasons other than retaliation for terminating Ms. Morris-Hayes, all falling under the rubric of poor job performance, a trial jury is the proper body to resolve these issues of fact, not the Court. Therefore, Defendants' motion for summary judgment is denied.

*Qualified Immunity:*

Defendants' seek qualified immunity in the event that their motion for summary judgment fails, which it has. Public officials are shielded from civil liability "if their actions were objectively reasonable, as evaluated in the context of legal rules that were 'clearly established' at the time." *Poe v. Leonard*, 282 F.3d 123, 123 (2d Cir. 2002) (citation omitted). However, Our Court of Appeals stated:

> [I]f Plaintiff['s] version of the facts reveals that the officials could reasonably have believed they were not violating plaintiff's constitutional rights, the district court should have granted the motion for summary judgment and we will reverse the court's denial of that motion. *See Bizzaro v. Miranda*, 394 F.3d 82, 86(2d. Cir. 2005).

As applied to Defendants here, qualified immunity is, at the least, fact intensive and unavailable on motion. If the allegations are true, Defendants must have reasonably known that they were violating Plaintiff's constitutional rights.

**Conclusion**

For the foregoing reasons, both motions, (Doc. 35) and (Doc. 57) are denied.

X

    X

        X

            X

                X

                  X

                    X

SO ORDERED.

Dated: White Plains, New York
      February 23, 2006

                                              _____
                                              Charles L. Brieant, U.S.D.J.